IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 cr 40-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEROY MILLER JR., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the second violation report [# 60] filed by the United States Probation Office alleging Defendant violated terms and conditions of his pretrial release. On July 23, 2018, the Court held a bond revocation hearing. Defendant was present with his counsel, Fredilyn Sison, and the Government was present through AUSA Richard Edwards. From the evidence offered, the statements of the Government and Defendant, and the records in this cause, the Court makes the following findings.

**Findings**. On April 4, 2017, the grand jury issued and indictment charging Defendant with conspiracy to commit an offense against the United States, in violation of 18 U.S.C. §§ 371, 666; federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(B); extortion under color of official right, in violation of 18 U.S.C. § 1951; and witness tampering, in violation of 18 U.S.C. § 1512(b)(3) [# 2].

On April 12, 2017, the Court held a detention hearing and issued an order setting conditions of release [# 9] and Defendant was released on a $25,000 unsecured bond [# 10]. On April 2, 2018, based on the first violation report [# 38], the Court issued an arrest warrant for Defendant. The report detailed that on March 21, 2018, the probation officer

collected a urine sample from Defendant. The sample tested positive for cocaine. On March 26, 2018, the probation officer confronted Defendant who stated he took a substance given to him by a friend on March 18, 2018, but thought it was pain medication. On March 30, 2018, the probation officer again visited Defendant. Defendant confirmed that the substance given to him contained cocaine. The probation officer had Defendant's sample sent to Alere for a positive confirmation.

On April 9, 2018, Defendant was arrested. On April 13, 2018, Defendant appeared before this Court for his bond revocation hearing. At the call of the matter, the Defendant, through his attorney, admitted to the allegations contained in the violation report. The Government then presented evidence through United States Probation Officer Brannon Curtis. On April 16, 2018, the Court entered an order revoking Defendant's bond and the terms and conditions of pretrial release [# 44].

On April 20, 2018, the Court held a plea hearing and accepted Defendant's plea of guilty [# 46] to count two of the bill of indictment, 18 U.S.C. § 666(a)(1)(B). On that same date, the Court considered argument for release of Defendant. The Court entered a $25,000 unsecured bond [# 50] and terms and conditions of pretrial release [# 51]. The Court's conditions included:

> (1) The defendant must not violate any federal, state or local law while on release; and
>
> (8)(u) The defendant must report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

On July 3, 2018, based on the second violation report [# 60], the Court issued an

arrest warrant for Defendant. The report detailed that on June 22, 2018, defendant committed misdemeanor larceny, in violation of N.C. GEN. STAT. § 14-72(A), and resisting a public officer (misdemeanor), in violation of N.C. GEN. STAT. § 14-223. During the hearing, the Court inquired into the details and it appeared that Defendant had stolen candy bars from a store and had been caught on tape. When questioned about the larceny by law enforcement, Defendant had denied the allegations.

On June 24, 2018, Defendant was arrested in Polk County on the above charges. Defendant was allowed to sign a written promise to appear for his court date and was released. Defendant never reported the law enforcement contact to his probation officer or the Probation Office.

On July 12, 2018, Defendant was arrested. On July 23, 2018, Defendant appeared before this Court for his bond revocation hearing.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

(1)    finds that there is—
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and

(2)    finds that—
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

3

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence from the second violation report and the hearing, the Court finds there is clear and convincing evidence to believe that Defendant has violated two terms and conditions of his release: violation of a federal, state or local law while on release, and failure to report contact with law enforcement. Under North Carolina law, misdemeanor larceny is a Class 1 misdemeanor. N.C. GEN. STAT. § 14-72. Further, resisting a public officer is a Class 2 misdemeanor. N.C. GEN. STAT. § 14-223. Finally, Defendant did not report his contact with law enforcement to his probation officer or the Probation Office. Thus, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.

Due to the findings made above, the presumption that has been created, and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court believes that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result, the Court has determined for the second time to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**IT IS, THEREFORE**, **ORDERED** the unsecured bond [# 50] and terms and conditions of pretrial release [# 51] entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending further proceedings in this matter.

Signed: July 23, 2018

Dennis L. Howell
United States Magistrate Judge